UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS J. ZUBKA, <br><br> Plaintiff, <br><br> v. <br><br> TRI-STATE ADJUSTMENTS, INC., <br><br> Defendant. | Case No. 1:21-cv-01084 |

### COMPLAINT

**NOW COMES** Plaintiff, DOUGLAS J. ZUBKA, through undersigned counsel, complaining of Defendant, TRI-STATE ADJUSTMENTS, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. DOUGLAS J. ZUBKA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 5S655 Vista Circle, Apartment 102, Naperville, Illinois 60563.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. TRI-STATE ADJUSTMENTS, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Wisconsin.

1

7. Defendant has its principal place of business at 3439 East Avenue South, La Crosse, Wisconsin 54601.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On July 26, 2018, August 28, 2018, October 10, 2019, and December 17, 2019, Plaintiff received medical treatment from Barrington Surgeons at a cost of $99.87.

11. Plaintiff's $99.87 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. As result of financial hardship, Plaintiff was not able to make payment(s).

13. On February 28, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

14. On June 8, 2020, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

15. A Chapter 7 discharge relieves the debtor of personal liability for all claims or debts that arose before the filing of the petition, except for those specified under 11 U.S.C. § 523. 11 U.S.C. § 727(b).

16. On or before February 12, 2021, Plaintiff's $99.87 balance was referred for collection.

---

[1] Tri-State Adjustments, Inc. (TSA) is a recognized leader in collection and call center services.

TSA assists hundreds of businesses nationwide in the collection and recovery of their accounts receivable. This includes current accounts, delinquent accounts, returned checks (Non-Sufficient Funds) and more. https://www.wecollectmore.com/about-tsa (last accessed February 24, 2021).

17.     Defendant mailed Plaintiff a letter, dated February 12, 2021 (the "Letter"), which stated:

**Past Due Balance**

**BALANCE DUE: $99.87**

| Creditor Name | Acct # | Balance |
|---|---|---|
| BARRINGTON SURGEONS | [REDACTED] | $99.87 |

**IDENTIFIER CODE: [REDACTED]**

This account has been listed with our office for collection. This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

**This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org**

This collection agency is licensed by the Minnesota Department of Commerce.

*See* Exhibit A.

18.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

# DAMAGES

19.     Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

20. Indeed, the United States Supreme Court has described the protection which a debtor derives from the entry of a discharge order as one of the "[c]ritical features of every bankruptcy proceeding…." *Cent. Virginia Cmty. Coll v. Katz*, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

21. Thus, "when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." *Mooney v. Green Tree Servicing, LLC*, 340 B.R. 351, 358 (Bankr. E.D. Tex. 2006).

22. Defendant's unlawful collection practices deprived Plaintiff of one of his fundamental protections and led Plaintiff to believe his bankruptcy was for naught, causing anxiety and extreme emotional distress.

23. The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings— without feeling harassed.

24. Concerned with having had his rights violated, Plaintiff engaged counsel— expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

26. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

      (2)      The false representation of –

           (A)      the character, amount, or legal status of any debt.

      (10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. The February 12, 2021 Letter to Plaintiff asserted that Plaintiff's debt to Barrington Surgeons was due and demanded that Plaintiff pay the debt.

28. But at the time of the February 12, 2021 Letter, Plaintiff's debt to Barrington Surgeons was not due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

29. It seems clear, then, that the February 12, 2021 Letter misrepresented the legal status of Plaintiff's debt to Barrington Surgeons in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

30. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

      (1)      any actual damage sustained by such person as a result of such failure;

      (2)

           (A)      in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 24, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS J. ZUBKA**

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Joseph S. Davidson*

　　　　　　　　　　　　　　　　　　　　　　Joseph S. Davidson
　　　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF JOSEPH P. DOYLE LLC
　　　　　　　　　　　　　　　　　　　　　　105 South Roselle Road
　　　　　　　　　　　　　　　　　　　　　　Suite 203
　　　　　　　　　　　　　　　　　　　　　　Schaumburg, Illinois 60193
　　　　　　　　　　　　　　　　　　　　　　+1 847-985-1100
　　　　　　　　　　　　　　　　　　　　　　jdavidson@fightbills.com